UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBORAH A. HAMILTON and FREDERIC L. HAMILTON,<br><br>           Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, BRIAN T. MOYNIHAN, RECONTRUST COMPANY, U.S. BANK NATIONAL ASSOCIATION and DOES 1-100,<br><br>           Defendants. | Case No.: 2:10-cv-01566-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#14;<br>Motion to Expunge Lis Pendens–#17) |

Before the Court is Defendants U.S. Bank National Association, Brian T. Moynihan, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (improperly named as "Bank of America Corporation"), and ReconTrust Company, N.A.'s ("Defendants") **Motion to Dismiss** (#14, filed May 9, 2011) based on a failure to state a claim. Plaintiffs Deborah A. Hamilton and Frederic L. Hamilton filed an Opposition approximately four months late (#22, filed Sept. 22, 2011), and Defendants filed a Reply (#23, filed Oct. 3, 2011).

1

1   Also before the Court is Defendants' **Motion to Expunge Lis Pendens** (#17, filed May 9, 2011).  Plaintiffs also filed their Opposition to this Motion approximately four months late (#22, filed Sept. 22, 2011).  Defendants did not file a Reply.

If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after the service of the motion.  Local Rule 7-2(b).  Rule 7-2(d) of the Local Rules of Practice also provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted.  *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).  These local rules have the force of law no less than the federal rules or acts of Congress.  *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995).  The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules.  *Black Unity League of Ky. v. Miller*, 394 U.S. 100 (1969).

Pursuant to the Local Rules of this Court, any response to Defendants' Motion was to be filed and served within 14 days of the motion, or by May 23.  Because no response or opposition to the Motion was filed pursuant to the Local Rules until September (four months late), the Court grants Defendants' Motion to Dismiss.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal).  Also, the opposition that Plaintiffs filed did not address the arguments in Defendants' motion.  Instead, Plaintiffs merely argued that Defendants' separate requests for extensions were disingenuous, that the Court should order mandatory mediation, and that Plaintiffs should have time to retain counsel.  None of these issues are relevant to the motion to dismiss and, therefore, the opposition itself does not actually respond to the motion.  Finally, the Court notes that it has reviewed the motion and find that it has merit independent of Local Rule 7-2.  Accordingly, the Court would grant the motion regardless of Plaintiffs' late filing.

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#14) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Expunge Lis Pendens (#17) is GRANTED. The Court orders the lis pendens expunged.

Dated: October 14, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**